D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVER MORALES and STEPHANIE NEVERSON, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PIER A BATTERY PARK ASSOCIATES, LLC, HARRY POULAKAKOS, and PETER POULAKAKOS,<br><br>　　　　　Defendants. | <u>CLASS AND COLLECTIVE ACTION COMPLAINT</u><br><br><u>DEMAND FOR JURY TRIAL</u> |

　　　　Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

### JURISDICTION AND VENUE

　　　　1.　　This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

　　　　2.　　Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

## THE PARTIES

3. Defendant Pier A Battery Park Associates, LLC is a New York corporation that owns and operates Pier A banquet hall located in Battery Park.

4. Pier A has an annual gross volume of sales in excess of $500,000.

5. Defendant Harry Poulakakos is an owner of Pier A.

6. Defendant Harry Poulakakos has the power to hire and fire Pier A's employees.

7. Defendant Harry Poulakakos is actively involved in managing Pier A's operations.

8. Defendant Harry Poulakakos has authority over the payroll practices at Pier A.

9. Defendant Peter Poulakakos is an owner of the Corporate Defendants.

10. Defendant Peter Poulakakos has the power to hire and fire Pier A's employees.

11. Defendant Peter Poulakakos is actively involved in managing Pier A's operations.

12. Defendant Peter Poulakakos has authority over the payroll practices at Pier A.

13. All Defendants are hereinafter collectively referred to as "Defendants" or "Pier A."

14. Plaintiff Oliver Morales was employed by Pier A as an a la carte server and a banquet server since mid-2015.

15. Plaintiff Stephanie Neverson was employed by Pier A as a banquet server from late 2014 until early 2017.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all banquet servers and/or bartenders employed

by Defendants at Pier A on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully paying employees pursuant to the tip credit but allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS - NEW YORK**

19.     Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all banquet servers and bartenders employed by Defendants at Pier A on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

20.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For

3

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P.

21. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) members of the Class.

22. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of unlawfully paying Class members pursuant to a tip credit, illegal retention of tips, and failing to provide required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

    c) Whether Defendants illegally retained and/or misappropriated portions of Plaintiffs' tips and the Class members' tips.

    d) Whether Plaintiffs were forced to share their tips with parties who are not entitled to their tips.

    e) Whether Defendants were entitled to apply a tip credit to Plaintiffs' and Class members' wages.

    f) Whether Defendants gave Plaintiffs proper statements as required by New York Labor Law § 195.

## FACTS

27. Defendants committed the following alleged acts knowingly, intentionally and willfully.

28. In 2015, Defendants compensated Plaintiffs at an hourly rate was less than the federal minimum wage.

29. From 2015 to the present, Defendants compensated Plaintiffs at an hourly rate that is lower than the New York minimum wage.

30. Plaintiffs were in fact generally paid an amount equal to the "tip credit" minimum wages under the New York Labor Law ("NYLL").

31. However, Defendants were not entitled to utilize any tip credits set forth under the FLSA and NYLL, because they required Plaintiffs to spend more than 20% of their workdays performing non-tipped side work.

32. For example, during a typical banquet event that lasted 4 hours, Plaintiffs were required to arrive 2 hours early to set up the dining room and to remain for about 2 hours after the event to disassemble the room.

33. For banquet events, Defendants charge a "Service Fee" equal to 18% of the food and beverage costs of the event that the reasonable customer would believe is a gratuity.

34. Defendants misappropriate portions of the service fee. For example, Defendants distribute a portion of the fee to porters that provide no direct customer service, in violation of New York Labor Law § 196-d.

35. The weekly wage statements that Defendants provided Plaintiffs did not include any reference to the "tip-credit," in violation of New York Labor Law § 195(3).

36. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Opt-in Plaintiffs, and the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA, 29 U.S.C. §§ 201, *et seq.,*)**
**(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

37. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

38. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

39. Defendants knowingly and illegally applied a tip credit to Plaintiffs' and the FLSA Collective Plaintiffs' wages prior to 2016. However, Defendants were not entitled to this tip credit because they required Plaintiffs to spend more than 20% of their workdays performing non-tipped side work.

40. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*;
N.Y.C.R.R. §§ 146-1.3, 146-2.2)
(Brought by Plaintiffs on Behalf of Themselves and the Class)

41. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

42. Defendants knowingly and illegally applied a tip credit to Plaintiffs' and the Class Members' wages.

43. Defendants were not entitled to this tip credit because they required Plaintiffs to spend more than 20% of their workdays performing non-tipped side work.

44. As a result of Defendants' willful and unlawful conduct, Plaintiffs and Class Members are entitled to an award of damages, including liquidated damages, in amount to be

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
### (Illegal Deductions from Wages/Gratuities, N.Y. Lab. L. §§ 193, 196-d)
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

45. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46. Defendants misappropriated portions of Plaintiffs' tips and Class members' tips.

47. Defendants' misappropriation of Plaintiffs' and Class members' tips was willful.

48. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

49. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50. Defendants did not provide Plaintiffs and the members of the Class with proper wage statements as required by N.Y. Lab. Law § 195.

51. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
      June 13, 2017

                                            Respectfully submitted,

                                            **JOSEPH & KIRSCHENBAUM LLP**

                                            By: /s/ D. Maimon Kirschenbaum
                                            D. Maimon Kirschenbaum
                                            32 Broadway, Suite 601
                                            New York, NY 10004
                                            Tel: (212) 688-5640
                                            Fax: (212) 688-2548

                                            *Attorneys for Named Plaintiffs, proposed*
                                            *FLSA Collective Plaintiffs, and proposed*
                                            *Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.